[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs (Faghri) apply, pursuant to § 49-35a, for a discharge or a reduction of a Mechanic's lien filed by the defendant (Golab Builders).
Connecticut General Statutes § 49-35b requires that the lienor establish probable cause to sustain the validity of the lien. The lienee, once that is done, then has the burden of proving by clear and convincing evidence that the validity of the lien should not be sustained or that it is excessive and should be reduced.
In this case the parties contracted for Golab Builders to build a residence on property owned by Faghri (Exhibit 1). The agreement called for payments of $10,000 prior to the start of work and periodic payments during the course of construction with the first construction payment of $32000 payable upon completion of certain work through the installation of the foundation. CT Page 10952
While the home was to be complete by August 15, 1995, the parties agreed that Golab Builders would pay to move and store Faghri's household furnishings, and pay up to $1200 per month for the renting of alternative housing beyond August 15, 1995. The, Court concludes the parties contemplated the possibility that completion might extend beyond August 15, 1995.
Faghri became increasingly concerned that the house would not be ready on time, and by mid-July it was conceded by Golab Builders that the date of August 15th could not be met. On July 19th Faghri notified Golab that the contract was rescinded.
Golab then placed the lien on the property and we come now to the present application.
It is worth repeating that for the purposes of this proceeding there are disparate burdens of proof between the parties and the parties will be in a different posture when it comes to a trial on the merits.
The Court finds that Golab Builders has established probable cause to sustain the validity of its lien. According to the terms of their contract Faghri was to pay $32,000 as the first periodic payment upon completion of the building permits, engineering, surveying, erosion control, clearing, stumping, stripping, excavation, backfill, slab preparation, footing drains and foundation.
When Golab Builders was fired from the job, the following items of the work under the first phase had been done or not, as indicated:
The Building permit was obtained.
The engineering and surveying was done.
 Erosion Control was not done — this work entails the installation of silt fences or hay bales. There was no evidence as to the cost of this work, but it is not of major significance.
 The Clearing work was substantially done, but Faghri paid approximately $300 to clean up some cut trees.
CT Page 10953
 Stumping, stripping were substantially done, although approximately $1000 is claimed to have been paid by Faghri to complete this work.
The excavation was done.
 The backfill, while not done, is included in the $1000 for stumping and stripping.
 Slab preparation was not completed, but no evidence as to the cost of such work was presented. Slab preparation does not appear to be a significant part of the contract price. Also, Golab was billed for slab preparation and foot drains by his excavator who apparently continued on the job after Golab was terminated.
In addition to the foregoing, Golab was billed $36,288 for lumber and windows delivered to the site a day or two after he was terminated and which had previously been ordered by Golab. The material was, indeed, used by Faghri.
The Court emphasizes that this is not a full trial on the merits and Faghri may well be entitled to offsets for repairs and completion of work and rental, but he has not met his burden of showing the lien is excessive.
The Application to Discharge or Reduce the Mechanic's Lien is denied.
Klaczak, J.